IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GEICO INDEMNITY COMPANY, a Maryland )
Maryland Insurance Corporation; and GEICO )
GENERAL INSURANCE COMPANY, a )
Maryland Insurance Corporation, )
)
               Plaintiffs, )
)
vs. )   Case No. 08-CV-1137-JTM
)
RANDY VOSS; W. THOMAS GILMAN, )
Special Administrator of the Estate of Elizabeth )
Voss, deceased; VIA CHRISTI REGIONAL )
MEDICAL CENTER, INC., a Kansas Corporation; )
and GEICO INDEMNITY COMPANY, a )
Maryland Insurance Corporation, )
)
               Defendants. )
_____)

## **ORDER ALLOWING DEPOSIT OF FUNDS WITH THE COURT**

This matter comes before the Court on the motion of plaintiffs GEICO Indemnity Company and GEICO General Insurance Company, for an Order, pursuant to Fed. R. Civ. P. 67, allowing plaintiffs to deposit the sum of $50,000 into the registry of the Court. Having reviewed the motion and being duly advised, the Court finds as follows:

    1.    This is an interpleader action brought pursuant to 28 U.S.C. 1335. The plaintiffs' Complaint contains the necessary jurisdictional allegations to satisfy that statute.

    2.    Subsection (a)(2) of the interpleader statute requires the stakeholder to pay the amount at issue into the registry of the Court, there to abide the judgment of the Court.

-2-

3. The amount at issue in this matter is $50,000, which is currently in plaintiffs' possession. Plaintiffs stand ready to pay said amount into the registry of the Court as required by the interpleader statute.

IT IS THEREFORE ORDERED that the plaintiffs' Motion to Deposit Funds with the Court should be and is hereby granted. Plaintiffs are ordered to pay the sum of $50,000, representing the amount at issue in this interpleader action, into the registry of the Court by tendering to the clerk a check or checks in said amount made payable to the clerk.

IT IS FURTHER ORDERED that the clerk accept the check(s) tendered by plaintiffs, and deposit the funds into a money market account or other instrument at the prevailing rate of interest at a federally approved financial institution. The initial investment is subject to the collateral provisions of Treasury Circular 176. The clerk shall deduct the administrative registry fee, set by the Director of the Administrative Office of the U.S. Courts at ten percent of the interest earned or as indicated based on the amount and time of deposit into the court, without further order of the court. Said fee is authorized by the Judicial Conference of the United States.

Dated this 16th day of May, 2008.

    s/ DONALD W. BOSTWICK
Hon. Donald W. Bostwick
U.S. Magistrate Judge